IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY EARL MCGRAW, BOP Register No. 50417-380, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-48-G-BN |
| WARDEN UNDERWOOD, | § § § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Bobby Earl McGraw, at the time a federal prisoner incarcerated in this district, filed a *pro se* habeas petition under 28 U.S.C. § 2241, challenging a prison disciplinary proceeding and requesting that the Court restore the 41 days of good time credit taken from him as a result of the disciplinary conviction. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish

After McGraw paid the filing fee, the Court ordered his petition served. *See* Dkt. No. 4. A response and a reply were filed. *See* Dkt. Nos. 7, 8, & 9. And, on June 29, 2020, the government notified the Court that McGraw was released from the custody of the Federal Bureau of Prisons ("BOP") on June 26, 2020. *See* Dkt. No. 10.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the

jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

McGraw's release from BOP custody is such an event, mooting his Section 2241 petition solely requesting that the Court "[o]rder the BOP to restore [his 41] days of good time credits." Dkt. No. 3. *See, e.g., Green v. Maiorana*, 599 F. App'x 557, 558 (5th Cir. 2015) (per curiam) ("Green's petition does not challenge his conviction which carries collateral consequences even after release. Instead, Green's petition alleges purported errors that occurred after he was sentenced, for which he seeks the restoration of lost good time credit and restoration of his classification level. Because Green was released in January 2015, this court can no longer provide him with that relief." (citing *Spencer v. Kemna*, 523 U.S. 1, 7, (1998); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987))); *Watkins v. Garrett*, 514 F. App'x 443, 444 (5th Cir. 2013) (per curiam) ("Watkins is 'in custody' for purposes of pursuing federal habeas relief because he was incarcerated at the Federal Correctional Complex in Beaumont,

Texas, when he filed the instant § 2241 petition, and he is currently serving a four-year term of supervised release The relevant inquiry, however, is whether Watkins satisfies the case-or-controversy requirement of Article III, section 2 of the Constitution. Watkins did not seek reduction of supervised release under § 3583(e) in district court; and, the court lacked jurisdiction to consider reduction because Watkins was sentenced in the Northern District of Florida, and no transfer of jurisdiction was effected. Further, he has not shown the disciplinary action will cause him to suffer adverse consequences." (citations omitted)); *see also Scott v. Holt*, 297 F. App'x 154, 156 (3d Cir. 2008) (per curiam) ("Because he has served his complete term of imprisonment, Scott cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, 'the only function of good time credits is to determine when, in the absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from imprisonment, ... the good time earned during that period is of no further effect.'" (quoting 28 C.F.R. § 2.35(b); citing 28 C.F.R. § 523.2(c) ("Once an inmate is conditionally released from imprisonment, either by parole, including special parole, or mandatory release, the good time earned (extra or statutory) during that period of imprisonment is of no further effect."))).

## Recommendation

The Court should dismiss this action as moot.

And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being

served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 9, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE